**Lee WOODS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary, etc., (formerly Abraham A. Ribicoff, Secretary, etc.), Defendant.**

**No. 708.**

United States District Court
E. D. Kentucky.

April 10, 1964.

Combs & May, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Arthur L. Brooks, Jr., Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

This is a civil action filed on May 8, 1963, pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

The plaintiff, Lee Woods, a resident of Floyd County, Kentucky, alleges that he is protected and covered by the Social Security Act and is entitled to the benefits thereunder in respect to a period of disability and disability insurance, but that his claim for relief under the provisions of the Act has been wrongfully denied.

There is no dispute as to the fact that the defendant, as alleged in his application, is protected and covered by the Social Security Act.

In its Answer filed herein on September 16, 1963, the defendant summarized

the procedure which has been taken in this case from the time plaintiff filed his application on April 14, 1960, as follows:

"(1) That on April 14, 1960, plaintiff filed an application to establish a period of disability and for disability insurance benefits under the provisions of Title II of the Social Security Act, 42 U.S.C.A. 401ff., and such application was denied by the then Bureau of Old-Age and Survivors Insurance, now Social Security Administration, Department of Health, Education, and Welfare, on September 20, 1960; that thereafter plaintiff requested reconsideration of said denial and that upon reconsideration said Bureau affirmed said denial; that thereafter plaintiff requested a hearing on his application before a hearing examiner of the Bureau of Hearings and Appeals, Social Security Administration, and such hearing was duly held, and on February 2, 1962, the hearing examiner also denied said application; that thereafter plaintiff requested the Appeals Council, Bureau of Hearings and Appeals to review the decision of the hearing examiner, and on April 11, 1962, the Appeals Council denied such request for review; that on or about May 8, 1962, plaintiff filed this action in this Court for judicial review; that the Court remanded the case to defendant for further administrative action; that pursuant thereto the Appeals Council vacated the denial of review rendered on April 11, 1962, and remanded the proceeding to another hearing examiner, who likewise on October 25, 1962, denied said application, and after receipt of additional evidence into the record, the Appeals Council rendered a decision on May 1, 1963, which affirmed (as therein modified) the recommended decision of the hearing examiner of October 25, 1962; that thereupon the decision of the Appeals Council became the final decision of the Secretary of Health, Education, and Welfare, * * *" (pp. 1, 2 Answer).

A transcript of the evidence presented before the two Hearing Examiners, Mr. Frank S. Gillespie and Mr. Horace H. Robbins, and the decisions rendered by both examiners are filed and made a part of the record. The decision of the Appeals Council filed on May 1, 1963, is as follows:

"The Hearing Examiner's recommended decision of October 25, 1962, holding that the claimant is not entitled to the establishment of a period of disability or to disability insurance benefits is approved as modified and is made the decision of the Appeals Council."

The decision of October 25, 1962, thus approved by the Appeals Council, was the decision of Mr. Horace H. Robbins, in which, after setting out the law which he considered applicable to the case, he stated:

"It is, therefore, the recommended decision of the Hearing Examiner that the claimant is not entitled to the establishment of a period of disability or to disability insurance benefits herein."

The decision relied upon by the defendant makes it clear that the Secretary as well as the Hearing Examiners rested their decisions upon a misapplication of the law prevailing in this circuit in respect to the utilization of a dictionary of numerous examples of sedentary and semi-sedentary jobs, none of which are shown to be of possible performance by the plaintiff in view of the undisputed testimony as to his age, limited education and lack of training, and that for substantially his entire life he has been occupied in arduous work in coal mines, which he was no longer able to perform.

There is little, if any, genuine dispute as to the fact that plaintiff was suffering with a disease known as diabetes mellitus. It was so severe, according to the testimony of Dr. L. C. McCloud, that it could not be controlled to the point where

he could safely work and that he had "vascular insufficiency to legs which made him unable to do manual labor."

In his comment upon the disease known as diabetes mellitus, Hearing Examiner Mr. Robbins stated: "The disease is chronic, and probably incurable." (Tr. p. 25).

■ At page 7 of the transcript, it is said by the Chairman of the Appeals Council:

" * * * The Appeals Council further finds that while the claimant's physical condition may preclude arduous work, there are numerous jobs in our economy which are well within his capabilities."

Such general findings without any proof "cannot detract from appellant's claim." Under such circumstances and conditions the law places the burden upon the defendant to show that plaintiff was able to perform some kind of substantial gainful activity which was available to him. Where the defendant fails to carry the burden of proof to show plaintiff was able to perform some kind of substantial gainful activity, plaintiff "is entitled to prevail on his proofs that he is totally disabled for any substantial gainful activity." Rice v. Celebrezze, 6 Cir., 315 F.2d 7, 17.

■ The testimony of Dr. L. C. McCloud, Dr. John J. Sherman and Dr. Patrick I. McShane made a prima facie showing that the plaintiff, about 55 years of age, whose education was very limited and who had spent most of his life as a worker in the coal mines, and who lacked experience or training for any other type of work, is entitled to the relief claimed. The Examiners, moreover, who heard the evidence made no findings on the issues as to (1) What the plaintiff can do; and (2) What employment opportunities are available to a person afflicted as he was, and no evidence to sustain such findings was presented. Without such findings the decision of the Secretary cannot be supported. King v. Flemming, 289 F.2d 808, C.A. 6. This rule is now clearly established by the Court of Appeals of this circuit, and it must be held that since the defendant did not discharge the burden placed upon him and requisite findings were not made, the decision of the Secretary is not supported by the evidence and cannot be sustained.

It is adjudged by the Court that defendant's decision denying plaintiff's claim is not sustained and such decision should be and is reversed. The plaintiff's claim is sustained by the proof introduced in his behalf.

The case should be and is remanded to the Secretary of Health, Education and Welfare with directions that the plaintiff be granted a period of disability and disability insurance benefits in accordance with the Social Security Act.